# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**FIRSTGROUP AMERICA, INC.,**

      **Plaintiff,**

         **v.**

**ARTHUR J. GALLAGHER RISK
MANAGEMENT SERVICES, INC.,**

      **Defendant.**

**Case No. 1:21-cv-747
JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

People can breach contracts in various ways. And multiple times too. While this seems a straightforward principle, it's at the core of the disagreement here. Arthur J. Gallagher Risk Management Services brokered insurance for FirstGroup America. Allegedly, Gallagher didn't provide all the coverage that it said it would. When this caused FirstGroup to lose money, Gallagher declined to indemnify it. FirstGroup sued. Gallagher says that Ohio's statute of limitation bars the action, because the breach occurred 10 years ago. That's true of the former breach. Not the latter. So the Court **DENIES** Gallagher's Motion to Dismiss (Doc. 9).

## BACKGROUND

When deciding a motion to dismiss for failure to state a claim, the Court assumes that the Complaint's factual allegations are true. Thus, the Court largely relies on those facts for purposes of this decision, but with the caveat that these facts are not yet established and may never be. *Koren v. Neil*, No. 1:21-cv-9, 2022 WL 974340, at *1 (S.D. Ohio Mar. 31, 2022).

FirstGroup is a transportation company. It sought to secure insurance for itself and its subsidiaries, including a company called Americanos. (Compl., Doc. 1, #2). So, in 2007, it contracted with Gallagher, an insurance broker. Gallagher agreed to "provide insurance brokerage Services" to FirstGroup. (Compensation Agmt., Doc. 1-1, #11). Gallagher also "agree[d] to indemnify and hold [FirstGroup] harmless from any *loss*, cost, damage, or expense (including reasonable attorney's fees) arising from the negligent acts or omissions of Gallagher." (*Id.* at #12 (emphasis added)). Gallagher assured FirstGroup that it procured workers' compensation insurance for all of FirstGroup's companies, effective December 31, 2009 through 2010. (Compl., Doc. 1, #5–6). But Gallagher did not tell FirstGroup that it failed to secure "workers' compensation coverage for Americanos." (*Id.* at #6).

In March 2010, an employee of Americanos, Efrain Dominguez, died in a bus accident. (*Id.*). His estate sued. (*Id.*). FirstGroup's insurer attempted to retroactively cover Americanos, but a state administrative agency concluded both that Dominguez was within the scope of his employment when he died and that FirstGroup's workers' compensation policy did not cover Americanos. (*Id.*). A federal district court concurred. (*Id.* at #7). And a federal appeals court affirmed in 2018. (*Id.*). "Facing direct exposure and liability with no applicable insurance coverage, FirstGroup and [Americanos] engaged in settlement discussions with representatives of Mr. Dominguez." (*Id.*). Given the indemnification agreement in its contract with Gallagher, FirstGroup asked Gallagher to participate in those settlement talks—but Gallgher declined to indemnify FirstGroup or even participate in the conversation.

(*Id.*). FirstGroup ultimately settled with Dominguez's estate, paying $4 million. (*Id.* at #8). Then, FirstGroup sued Gallagher.

Gallagher now moves to dismiss, arguing that Ohio's statute of limitation bars the suit. (Doc. 9). FirstGroup responded in opposition (Doc. 12) and Gallagher replied (Doc. 13). The motion is now ripe for review.

## LEGAL STANDARD

The Sixth Circuit has explained the standard that applies when a party seeks dismissal on statute of limitations grounds in a diversity action:

> Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an "inappropriate vehicle" for dismissing a claim based upon a statute of limitations. *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012). However, dismissal is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run," and "[i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001); *see also Evans v. S. Ohio Med. Ctr.*, 659 N.E.2d 326, 329 (Ohio 1995) ("The bar of the statute of limitations is an affirmative defense ... upon which the defendant bears the burden of proof at trial.").

> In this diversity case, we are obliged to apply the substantive law of the forum state, Ohio, in accordance with the controlling decisions of its highest court. *Metz v. Unizan Bank*, 649 F.3d 492, 496 (6th Cir. 2011). If the highest court has not yet addressed the precise issue at hand, "we must predict how the court would rule by looking to all the available data," including intermediate appellate decisions. *Berrington v. Wal–Mart Stores, Inc.*, 696 F.3d 604, 608 (6th Cir. 2012) (citation and internal quotation marks omitted).

*Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013) (citations edited).

## LAW AND ANALYSIS

For its Motion to Dismiss, though not for the case generally, Gallagher stipulates that Ohio law governs. (Doc. 9-1, #33, n.1). Under Ohio's statute of limitations for written contracts, a plaintiff must sue "within six years after the cause of action accrues." Ohio Rev. Code § 2305.06 (2010) (amended 2012).[1]

Under Ohio law, "[t]he applicable rule is well-established. If the contract provides indemnity against *loss*, the alleged indemnitor becomes liable and the cause of action accrues when the person seeking indemnity *suffers a loss*. If the contract provides indemnity against *liability*, the indemnitor becomes liable and the cause of action accrues when the *liability of the indemnitee arises*." *Firemen's Ins. Co. of Newark, N.J. v. Antol*, 471 N.E.2d 831, 833 (Ohio Ct. App. 1984) (emphasis added) (citations omitted). And "the person seeking indemnity" suffers a loss when he is forced to make a payment to an injured third party. *See id.* at 834. Putting that together, if a contract provides indemnity against "loss" (rather than "liability"), two conditions must be true for the cause of action to accrue: (1) the indemnitee must be *seeking* indemnity, and (2) the indemnitee has been forced to make a payment to an injured third party.

The contract between Gallagher and FirstGroup provides that "Gallagher agrees to indemnify and hold [FirstGroup] harmless from any *loss*, cost, damage, or

---

[1] The Ohio statute of limitations for contract claims when the Dominguez litigation began was eight years. But the Ohio General Assembly amended it. 2012 Ohio Laws File 135 (Sub. S.B. 224). The Court need not decide whether the amendment applies retroactively. That is because even under the more stringent six-year statute of limitations, FirstGroup timely sued.

expense (including reasonable attorney's fees) arising from the negligent acts or omissions of Gallagher." (Doc. 1-1, #12 (emphasis added)). The provision's plain text reflects an agreement for Gallagher to indemnify FirstGroup against *loss* resulting from Gallagher's omissions. So FirstGroup's cause of action did not accrue until it suffered a loss from the missing workers' compensation coverage. In 2018, FirstGroup engaged in settlement discussions and, after Gallagher declined to indemnify it, eventually (some time after September 2018) paid Dominguez's estate. (Doc. 12, #55). On those facts, FirstGroup's cause of action accrued in September 2018 at the earliest. FirstGroup sued in December 2021, meaning at most it waited a little over 3 years before suing—well within Ohio's statute of limitations. Thus, FirstGroup's claim is not time-barred.

Gallagher seeks a different result, arguing that FirstGroup's cause of action accrued "when the deficient policy was issued in 2010." (Doc. 9-1, #37). Gallagher analogizes this case to *LGR Realty, Inc. v. Frank & London Ins. Agency*, 98 N.E.3d 241 (Ohio 2018). In *LGR Realty*, a torts case, a real estate company sued its insurer for negligently failing to procure "an appropriate insurance policy—one that *would have* provided coverage for defending and indemnifying" it in a lawsuit it fought. *Id.* at 244 (emphasis added). The real estate company argued that its cause of action accrued when the insurer denied its claims to defend and indemnify. *Id.* at 245. The insurer argued that the cause of action accrued when it issued the negligent policy. *Id.* The Ohio Supreme Court ruled for the insurer.[2]

---

[2] Note that the Ohio Supreme Court highlighted more than once the persuasive nature of the specific-entity exclusion in the contract (specifically, the contract provided that the policy

But *LGR Realty* is compatible with finding for FirstGroup here. A "cause of action for breach of contract does not accrue until the complaining party suffers actual damages as a result of the alleged breach." *Kincaid v. Erie Ins. Co.*, 944 N.E.2d 207, 210 (Ohio 2010), *opinion modified on reconsideration*, 941 N.E.2d 805 (Ohio 2011) (internal quotation marks omitted) (quoting *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.*, 536 N.E.2d 411, 412 (Ohio Ct. App. 1988)). As Gallagher notes, though *LGR Realty* is a torts case, it applies that rule too. (Doc. 13, #68–69). The *LGR Realty* court held that "LGR was damaged the moment it entered into the contract and became obligated to pay a premium for a professional-liability insurance policy that was less than the coverage that it believed it would receive." 98 N.E.3d at 248.

What Gallagher misses is that, in the contracts context, people can breach multiple times, including breaching different provisions. When a party breaches a contract multiple times, each breach gives rise to a separate cause of action that accrues independently. *See, e.g.*, *ATD Corp. v. DaimlerChrysler Corp.*, 261 F. Supp. 2d 887, 894 (E.D. Mich. 2003) (finding differing accrual dates for differing breaches of a single contract). So yes, similar to *LGR Realty*, Gallagher allegedly failed to procure insurance for FirstGroup in 2010. And, in doing so, it may have breached its promise to procure insurance. A claim for that breach would lie outside the applicable statute of limitations. (Doc. 9-1, #37). But here, unlike in *LGR Realty*, there also was a separate contractual provision where Gallagher expressly promised to indemnify

---

would *not* apply to the entity that later sued the real estate company, though this did not stop the real estate company from bringing the negligence claim anyway). *See generally LGR Realty*, 98 N.E.3d 241.

FirstGroup from any loss arising from Gallagher's negligent acts or omissions. (Doc. 1-1, #12). Gallagher is refusing to honor FirstGroup's indemnification request. And if that is a breach, as FirstGroup contends, then *that* cause of action accrued at the earliest in September 2018 and so cannot be time-barred.

But Gallagher contests this point as well. Gallagher argues that "even if the Court draws a distinction between harm stemming from the Wrongful Death Action and FirstGroup's payment of premiums for allegedly deficient coverage for purposes of claim accrual, FirstGroup's claim would still be untimely." (Doc. 13, #66). Why? Dominguez's estate brought its claim against FirstGroup in 2010, which, according to Gallagher, "undeniably harmed FirstGroup as it incurred fees to litigate those claims and was exposed to significant liability due to Americanos' lack of workers' compensation coverage. The fact that FirstGroup waited a decade to demand payment from Gallagher cannot save its claim." (*Id.* at #67).

Not so, for two reasons. First, the indemnification provision here included *both* a promise to indemnify FirstGroup against any "expense" (such as attorneys' fees) *and* a promise to indemnify FirstGroup against any "loss." True, attempts to recover for expenses that FirstGroup incurred outside the limitations period may be untimely (more on that below), but there is still Gallagher's promise to pay the "loss." Given that the contract expressly assigns attorneys' fees to a different category ("expenses" rather than "losses"), Gallagher's failure to indemnify for those "expenses" is not a breach of its promise to indemnify for "losses," meaning Gallagher did not breach the latter promise until September 2018, at the earliest.

Even were that not the case, the argument fails for a second reason. Ohio courts have held, in cases involving similar contracts, that attorneys' fees are payable under indemnification provisions like the one here "only to the extent these fees are a result of defending a claim that results in a loss." *See, e.g.*, *Casto v. Sanders*, No. 2004-P-60, 2005 WL 3096637, at *4 (Ohio Ct. App. Nov. 18, 2005). In other words, if FirstGroup had won against Dominguez's estate and not been forced to settle, *Casto* suggests that Gallagher would not be on the hook for any attorneys' fees. *See id.* ("[I]f there are no payments paid by Stewart under a policy of title insurance paid on or behalf of Heritage as the result of defending a claim, then there is no right of reimbursement for attorney fees and costs."). And if that's true here—if the right to attorneys' fees hinges on the underlying loss—then even the claim for attorneys' fees cannot accrue before the loss does. As described above, that loss accrued in September 2018 at the earliest. So it is at least possible that FirstGroup may have a claim not only for its loss (the amount it paid Dominguez's estate), but also its expenses.

For now, the Court need not definitively answer whether that is the case. The point is merely that, either way, FirstGroup has a timely claim for at least some payments it made. Whether it has a meritorious claim, of course, is a question for another day.

## CONCLUSION

Because the action is not time-barred, the Court **DENIES** Gallagher's Motion to Dismiss (Doc. 9).

**SO ORDERED.**

March 31, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**